IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ALEXANDER C. KAZEROONI )
 )
　　　　v. ) NO. 3:06-0183
 )
THE VANDERBILT UNIVERSITY, et al )

TO:　Honorable Robert L. Echols, District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered March 10, 2006 (Docket Entry No. 3), the Court referred the above captioned action to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure, for consideration of all pretrial matters.[1]

Presently pending before the Court is Plaintiff's motion for an injunction (Docket Entry No. 2) and supporting memorandum (Docket Entry No. 27). Defendants have filed a response in opposition to the motion (Docket Entry Nos. 16, 18-24, and 43). For the reasons set out below, the Court recommends that the motion be denied.

### I. BACKGROUND

Plaintiff filed this action pro se against Vanderbilt University, two departments within Vanderbilt University, five individuals who work for Vanderbilt University, specifically, Randolph

---

[1] By order entered July 17, 2006 (Docket Entry No. 28), Magistrate Judge Brown recused himself and the case was transferred to the undersigned.

1

Miller, Nancy Lorenzi, Judy Ozbolt, Kevin Johnson, and Andrew Gregory, and an unspecified number of "John/Jane Doe" defendants. He asserts several state law claims,[2] as well as claims under the United States Constitution for the denial of due process and equal protection, and claims for retaliation under The Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794.

Plaintiff was accepted into Vanderbilt University's ("Vanderbilt") graduate Department of Biomedical Informatics ("DBMI") on May 25, 2001, as a candidate for a Doctor of Philosophy degree in that department. Since that time, events surrounding his academic pursuits at Vanderbilt have not gone well, resulting in his placement on a probationary status and, eventually, a leave of absence status. During this time period, Plaintiff suffered from medical problems related to pain in various parts of his body. Plaintiff alleges that Defendants have violated his rights as a student of Vanderbilt by failing to provide him proper academic support and guidance, failing to provide him with ergonomically appropriate study and work spaces, and improperly directing that he take a leave of absence and placing him on departmental academic probation.

## II. MOTION FOR INJUNCTIVE RELIEF

Plaintiff requests five injunctions: (1) "a temporary injunction against implementing 'the maximum time limit within which a student, under normal circumstances, is required to take the qualifying examination,'" (2) "a permanent injunction from implementing the requirement of a

---

[2] The state law claims include: breach of contract; fraud, conveyance of fraud, deceit; nuisance; negligence; malice; slander, libel, defamation; conspiracy; professional malpractice; malpractice; medical malpractice and negligence; vicarious liability; negligent misrepresentation; and violation of Tenn. Code Ann. § 49-50-1409 and Tenn. Code Ann. § 50-1-304 ("Whistle Blower Acts").

2

Master's Degree prior to embarking upon doctoral studies," (3) "a permanent injunction to restrict Defendants from implementing the requirement of a B or better letter grade" to pass required courses and to restrict Defendants from implementing "the unprecedented status of Department Probation," (4) a "[t]emporary injunction to restrict Defendants from seeking payment of medical bills related to diagnosis and treatment injury resulting from worksite injury at the Department of Biomedical Informatics, Vanderbilt University for the period of August 2002 until present," and (5) a "[t]emporary injunction to restrict the Defendants from requiring any payments, including tuition payments and library fine payment that would otherwise prevent [Kazerooni] from registering for the Spring 2006, Summer 2006, [and] Fall 2006 semesters." See Docket Entry No. 2.

### III. ANALYSIS

A. Request for Permanent Injunctions

To the extent that Plaintiff makes a request for two permanent injunctions, his motion should be denied. A permanent injunction is a type of equitable relief that is ordinarily issued only after a full trial on the merits. Chappel & Co. v. Frankel, 367 F.2d 197, 203 (2d Cir. 1966).

B. Request for Preliminary Injunctions

Preliminary injunctions are governed by Rule 65(a) of the Federal Rules of Civil Procedure and are considered preventive, prohibitory, or protective measures taken pending resolution on the merits. See Clemons v. Board of Educ., 228 F.2d 853, 856 (6th Cir. 1956). Preliminary injunctions are considered extraordinary relief, the issuance of which requires great caution, deliberation and sound discretion. Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l

3

Typographical Union, 471 F.2d 872, 876 (6th Cir. 1972). The grant or denial of a preliminary injunction or temporary restraining order is within the sound judicial discretion of the trial court. Virginia Railway Co. v. System Federation, R.E.O., 300 U.S. 515, 551 (1937).

In determining whether to grant Plaintiff's request for three preliminary injunctions, this Court must consider: (1) Plaintiff's likelihood of prevailing on the merits of the case; (2) whether Plaintiff will suffer irreparable injury if the injunctions are not granted; (3) whether granting the injunctions will cause potential harm to others; and (4) the impact of the injunctions upon the public interest. Leary v. Daeschner, 228 F.3d. 729, 736 (6th Cir. 200); Parker v. U.S. Department of Agriculture, 879 F.2d. 1362, 1367 (6th Cir. 1989); Mason County Medical Associates v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977). These factors "do not establish a rigid and comprehensive test for determining the appropriateness of preliminary injunctive relief," Frisch's Rest. Inc. v. Shoney's, Inc., 759 F.2d 1261, 1263 (6th Cir. 1984), nor is any one factor controlling. Gonzales v. National Bd. of Med. Examiners, 225 F.3d 620, 625 (6th Cir. 2000).

As set out in a contemporaneously entered Report and Recommendation, the Court has found that Plaintiff's state law claims warrant dismissal on the ground of res judicata because the Circuit Court of Davidson County has granted summary judgment to the Defendants on identical claims which Plaintiff filed in a state court lawsuit. As such, the Court has determined that there is no likelihood of success on the merits of these state law claims. Additionally, Plaintiff's chance of success on his ADA and Rehabilitation Act claims is no greater than that of Defendants. At this stage, Plaintiff has shown only a mere possibility of success on the merits, which is not sufficient to satisfy the first factor. Six Clinics Holding Corp., II v. CAFCOMP Systems, 119 F.3d 393, 407

4

(6th Cir. 1997). Therefore, the first factor to consider in addressing a request for preliminary injunctive relief weighs against Plaintiff.

The second factor also does not favor Plaintiff. Plaintiff has not shown that he will suffer irreparable harm if the injunctive relief he requests is not granted. Plaintiff requests compensatory damages in this action. If successful in his action, the award of damages along with properly crafted injunctive relief would adequately compensate him for any harm which he has suffered. His allegations do not show a risk of irreparable harm.

The balancing of harms required by the third factor does not weigh in favor of the requested relief as Plaintiff has not shown any harm which outweighs potential harm to Vanderbilt University and other students caused by requiring Vanderbilt University to adjust its policies and requirements as requested by Plaintiff. Further, Plaintiff has not demonstrated that a public interest would be advanced by his requested relief as is required for the fourth factor. National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club, 372 F.3d 712, 720 n.4 (6th Cir. 2003).

Plaintiff has failed to meet his burden to prove that the facts and circumstances of this action clearly demand the extraordinary remedy of a preliminary injunction. Overstreet v. Lexington-Fayette Urban County Govt., 305 F.3d 566, 573 (6th Cir. 2002).

### RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that Plaintiff's motion (Docket Entry No. 2) for injunctive relief be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific

portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

          Respectfully submitted,

          _/s/ Juliet Griffin_
          JULIET GRIFFIN
          United States Magistrate Judge