IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


ALEXANDER C. KAZEROONI          )
                                )
            v.                  )          NO. 3:06-0183
                                )
THE VANDERBILT UNIVERSITY, et al )


TO:     Honorable Robert L. Echols, District Judge




# R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered March 10, 2006 (Docket Entry No. 3), the Court referred the above

captioned action to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72

of the Federal Rules of Civil Procedure, for consideration of all pretrial matters.[1]

Presently pending before the Court is the motion to dismiss, or in the alternative, to stay the

proceedings (Docket Entry No. 9), of Defendants Vanderbilt University, the Department of

Biomedical Informatics Vanderbilt University, Academics Program Committee of the Department

of Biomedical Informatics, Randolph Miller, Nancy Lorenzi, Judy Ozbolt, Kevin Johnson, and

Andrew Gregory ("the Vanderbilt Defendants"). For the reasons set out below, the Court

recommends that the motion be granted.

---

[1] By order entered July 17, 2006 (Docket Entry No. 28), Magistrate Judge Brown recused
himself and the case was transferred to the undersigned.

1

# I. BACKGROUND

On March 3, 2006, Plaintiff filed this action pro se against Vanderbilt University ("Vanderbilt"), the Department of Biomedical Informatics at Vanderbilt ("DBMI"), the Academics Program Committee of the DBMI ("the Program Committee"), and five individuals who work for Vanderbilt University, specifically, Randolph Miller, Nancy Lorenzi, Judy Ozbolt, Kevin Johnson, and Andrew Gregory.[2]

Plaintiff asserts the following claims: 1) denial of due process; 2) denial of equal protection; 3) breach of contract; 4) fraud, conveyance of fraud, and deceit; 5) nuisance; 6) negligence; 7) malice; 8) slander, libel, and defamation; 9) conspiracy; 10) professional malpractice; 11) malpractice; 12) medical malpractice and negligence; 13) vicarious liability; 14) negligent misrepresentation; 15) retaliation under The Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794; and 16) violation of Tenn. Code Ann. § 49-50-1409 and Tenn. Code Ann. § 50-1-304 ("Whistle Blower Acts"). See Complaint (Docket Entry No. 1) at ¶¶ 98-149.

Plaintiff's lawsuit is based upon his dissatisfaction with his experiences as a graduate student at Vanderbilt. Plaintiff was accepted into the DBMI on May 25, 2001, as a candidate for a Doctor of Philosophy degree and was to begin classes in the Fall of 2001. See Complaint (Docket Entry No. 1) at ¶¶ 1 and 4. At the time, he was living in Texas and held two Master of Science ("M.S.") degrees. Plaintiff asserts that he was awarded a financial stipend of $27,156.00 by the DMBI and also a National Library of Medicine Training Grant, which would include tuition and a stipend for

---

[2] Plaintiff also named an unspecified number of "John/Jane Doe" defendants, who have not been identified by Plaintiff.

2

up to three years toward his Ph.D.  Id. at ¶¶ 6 and 8.  Plaintiff's request for a one year deferral of his starting date was granted, and he began attending classes in August of 2002.  Id. at ¶¶ 7 and 10.

Thereafter began several years of events which have culminated in litigation.  Plaintiff contends that Defendants violated his rights as a student of Vanderbilt by failing to provide him proper academic support and guidance, by not providing him with the correct financial awards, by improperly directing that he take a leave of absence and improperly placing him on departmental academic probation, and by not following its own rules and policies.  He further alleges that Defendants failed to provide him with ergonomically appropriate study and work spaces and failed to accommodate his medically documented disability.

Some of Plaintiff's specific allegations are that he was treated wrongfully in the pursuit of his degree.  Vanderbilt requires candidates for a Ph.D. in Biomedical Informatics to first complete a Master's degree in that discipline. Id. at ¶ 15; see Affidavit of Dominik Aronsky (Docket Entry No. 16-3) ("Aronsky Affidavit") at 1-2, ¶¶ 2,3; Affidavit of Daniel R. Masys (Docket Entry No. 16-4) ("Masys Affidavit") at 7, ¶ 6.  Vanderbilt claims that this requirement is included on its website and in the graduate bulletin.  See Aronsky Affidavit at 2, ¶ 3 and Masys Affidavit at 7, ¶ 6. However, Plaintiff alleges that he was not made aware of this requirement until the DBMI new student orientation on September 12, 2002, see Complaint at ¶¶ 12-13, and that he was denied a request to enroll in a course that was a prerequisite for two required courses (BMIF 330 and BMIF 330A).  Id. at ¶ 11.

Vanderbilt's graduate grading system provides that "'[a] student will not be granted graduate credit for any course in which a grade of less than C is received.'" See Docket Entry No. 2 at 3 (citing page 27 of The Bulletin of Vanderbilt University 2002-2003, Graduate School)  "'A grade point average of 3.0, or a B average on all courses taken for credit is required for graduation.'" Id.

3

Plaintiff alleges that he was placed on the unique status of "Department Probation" which required him to earn a B or better letter grade to receive credit for any given class. See Docket Entry No. 2 at 2-3. He further alleges that, despite maintaining a grade point average of "3.9+ measured by a 4.0 scale," he was told that he had been placed on academic probation near the end of his second semester, see Complaint at ¶ 43, and that he was forced to take a one year leave of absence. Id. at ¶¶ 50-55. He contends that his requests to take an incomplete in some classes were denied, id. at ¶ 64, and that the DBMI denied his request in the fall of 2004 to change thesis projects. Id. at ¶ 79. He alleges that, in late May 2004, the DBMI allegedly (1) revoked the third year of Kazerooni's National Library of Medicine Training Grant Fellowship, (2) limited Kazerooni's studies to the Master's degree, and (3) gave Kazerooni a time limit for completing his Master's degree. See Complaint at ¶ 66.

Plaintiff alleges that he filed a grievance with the Graduate Honor Counsel regarding DBMI decision making, which he followed through all four stages of the grievance policy over the next five-month period. See Complaint at ¶¶ 37, 46, 52, and 56. He asserts that, despite repeated requests at the fourth stage for intervention and conflict mediation, the administration had not granted his requests after eighteen (18) months. Id. at ¶ 88.

With respect to his funding, Plaintiff alleges that he had over three years of experience and later determined that, according to the stipend levels for Research Informatics Grants for 2003, his original stipend should have been $29,156 but was instead a lower amount. See Complaint at ¶ 42.

Plaintiff alleges that he was initially denied access to the Student Heath Care Services at Vanderbilt in August of 2002 because he did not carry student insurance. See Complaint ¶ 9. He alleges that he was later diagnosed with cervical radiculopathy and carpal tunnel syndrome. See Complaint at ¶¶ 16-17. He asserts that these injuries were caused by the "hazardous ergonomic

4

configuration" of his work site, id. at ¶ 20, and that he has had to have numerous follow-up evaluations. Id. at ¶¶ 41, 74, 75, 85-87, 94, and 96-97.

Plaintiff further alleges that, after he brought his condition and the ergonomic hazards in his work station to the attention of Vanderbilt, Vanderbilt failed to timely and adequately remedy the problems. See Complaint at ¶¶ 121, 124, and 142. He claims that Vanderbilt's delay in providing ergonomically proper equipment exacerbated his condition to the point that at least one physician, Andrew Gregory, M.D., discussed the possibility of surgery with Plaintiff. See Complaint at ¶¶ 21 and 32. Ultimately, Plaintiff's work station was twice evaluated by an ergonomist from the Occupational Health Clinic and Vanderbilt purchased the recommended ergonomic equipment for Plaintiff's work station on both occasions. See Complaint at ¶¶ 18, 20, 23, 35, 82, and 92.

## II. PENDING MOTION TO DISMISS (Docket Entry No. 9)

Defendants assert that, prior to initiating the instant federal lawsuit, Plaintiff filed an action against them in the Circuit Court of Davidson County, Tennessee in August of 2005, and that the complaint filed in state court is substantially identical to the complaint filed in the instant lawsuit. See Docket Entry Nos. 11-2 and 11-3. Defendants contend that the only difference between the two complaints is that the instant lawsuit contains federal claims under the ADA and the Rehabilitation Act and also contains four state law claims which Plaintiff was not permitted to add to the state lawsuit through an amendment.[3]

---

[3] Defendants assert that these are claims alleging vicarious liability, negligent misrepresentation, retaliation under Tennessee law, and a violation of Tenn. Code Ann. § 50-1-304. See Docket Entry No. 11-1 at 3.

5

At the time Defendants filed the motion to dismiss, all of the claims alleged by Plaintiff in his state lawsuit had been dismissed except for: 1) a breach of contract claim against Vanderbilt for failure to follow the terms of the student grievance procedure regarding his grievances; 2) a breach of contract claim against Vanderbilt regarding the requirements of the Master's and/or Ph.D. degrees in the DBMI; and 3) a medical malpractice claim against Vanderbilt and Defendant Gregory.  See Docket Entry No. 11-4.

Defendants seek dismissal of each of the causes of action that have already been adjudicated in the state court lawsuit on the ground of res judicata.  Alternatively, Defendants ask that the Court exercise the principles of abstention and stay the instant action until a resolution of the state court case is reached.

Plaintiff responds by arguing that his federal claims have merit and that the facts of his federal claims are intertwined with the facts of his breach of contract and medical malpractice claims.  Plaintiff does not, however, address the res judicata argument for dismissal raised by Defendants.  See Docket Entry No. 26.  Defendants reply that Plaintiff's response does not rebut any of the legal authority set out in their motion.  See Docket Entry No. 30.

On February 13, 2007, Defendants filed a notice (Docket Entry No. 49), in which they submitted an order from the Circuit Court of Davidson County, Tennessee, filed January 3, 2007, which granted Defendants' motion for summary judgment in the state lawsuit and dismissed all of the remaining claims in that action.  See Attachment to Docket Entry No. 49.[4]

_____

[4] By order entered February 16, 2007 (Docket Entry No. 51), the Court granted Defendants' motion (Docket Entry No. 46) to treat the responses and supporting affidavits (Docket Entry Nos. 16, 19, 22, 24, and 43) they filed in response to Plaintiff's request for injunctive relief as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  The February 16, 2007, Order notified Plaintiff of the requirements for a response to a Rule 56 motion and directed him to respond within twenty (20) days of entry of the Order.

6

## III. ANALYSIS

A federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. 28 U.S.C. § 1738; Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); Hutcherson v. Lauderdale County, Tennessee, 326 F.3d 747, 758 (6th Cir. 2003); Smith v. Metropolitan Development Housing Agency, 857 F. Supp. 597, 600 (M.D. Tenn. 1994). Accordingly, if the courts of Tennessee would view the two state court orders dismissing the claims raised by Plaintiff in his state court lawsuit as barring a subsequent lawsuit based on the same claims because of the principles of res judicata, this Court should accord those orders with the same preclusive effect.

Under Tennessee law, the doctrine of res judicata bars "all claims that were actually litigated or could have been litigated in the first suit between the same parties." Am. Nat'l Bank & Trust Co. of Chattanooga v. Clark, 586 S.W.2d 825, 826 (Tenn. 1979). Res judicata is designed to give every litigant one, but only one, day in court. Batey v. D.H. Overmyer Warehouse Co., 60 Tenn. App. 310, 318, 446 S.W.2d 686, 689 (Tenn. Ct. App. 1969). Four elements must be established before res judicata can be asserted as a defense: (1) the underlying judgment must have been rendered by a court of competent jurisdiction; (2) the same parties were involved in both suits; (3) the same cause of action was involved in both suits; and (4) the underlying judgment was on the merits. Richardson v. Tennessee Bd. Of Dentistry, 913 S.W.2d 446 (Tenn. 1995); Collins v. Greene County Bank, 916 S.W.2d 941, 945 (Tenn. Ct. App. 1995) (citing Lee v. Hall, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990)).

Review of the record in this action shows that each of the elements for the application of res judicata against Plaintiff is satisfied. The Circuit Court of Davidson County, Tennessee is a court

7

of competent jurisdiction to hear the claims raised by Plaintiff in his state lawsuit.[5]  Further, the

exact same parties are named in both actions.  See Docket Entry No. 1 at 1 and Docket Entry No.

11-2 at 1.[6]

With respect to the third element, the instant lawsuit essentially mirrors the complaint filed

in state court with respect to the causes of action alleged by Plaintiff.  See Docket Entry No. 1 and

Docket Entry No. 11-2.  Both the state and the instant federal action allege the following causes of

action: denial of due process; denial of equal protection; breach of contract; fraud, conveyance of

fraud, and deceit; nuisance; negligence; malice; slander, libel, and defamation; conspiracy;

professional malpractice; malpractice; and medical malpractice and negligence.  Id.  Although the

complaints differ in some respect as to the allegations made for each cause of action,[7] the substance

of the causes of action are the same and are based upon the same underlying facts.

Finally, the two orders made by the Circuit Court of Davidson County, Tennessee dismissing

Plaintiff's claims in part under Rule 12 of the Tennessee Rules of Civil Procedure, see Docket Entry

No. 11-4, and in whole under Rule 56 of the Tennessee Rules of Civil Procedure, see Docket Entry

No. 49, were judgments on the merits.  See Dyer v. Intera Corp., 870 F.2d 1063, 1066-67 (6th Cir.

1989); Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn.1993); Hollins v. Covington Pike Chrysler-

Plymouth, Inc., 2002 WL 31895720 (Tenn. Ct. App.  Dec. 23, 2002) (unpublished). See also Rule

---

[5] To the extent that Plaintiff's first two causes of action assert civil rights claims for violation of the U.S. Constitution in addition to claims under state law, the state court has jurisdiction to hear such claims.  See Poling v. Goins, 713 S.W.2d 305, 306 (Tenn. 1986).

[6] Although Plaintiff did not name Defendant Gregory as a defendant in the original complaint filed in state court, he later filed an amended complaint adding him as a defendant.  See Docket Entry No. 11-3 at 1.

[7] The factual allegations in the instant complaint are more specific as to the alleged wrongdoings of the individual defendants.

8

41.02 of the Tennessee Rules of Civil Procedure (unless specified otherwise in the order, an order of dismissal operates as an adjudication on the merits). As such, these orders bar relitigation of the twelve causes of action raised by Plaintiff in the state lawsuit which were raised again in the instant lawsuit.

Res judicata also bars relitigation of Plaintiff's causes of action for vicarious liability, negligent misrepresentation, and violation of Tenn. Code Ann. § 49-50-1409 and Tenn. Code Ann. § 50-1-304 ("Whistle Blower Acts"). These causes of action were not a part of Plaintiff's complaints which were filed in state court as it appears that the state court denied Plaintiff's motion for leave to amend to add these causes of action. See Docket Entry No. 11-5. As such, there was not a judgment on the merits on these claims. Regardless, this alone does not prevent the application of the doctrine of res judicata. As the Tennessee Supreme Court noted in American Nat'l Bank & Trust Co. of Chattanooga v. Clark, "[i]t has long been the rule in this state that not only issues which were actually determined, but all claims and issues which were relevant and which could reasonably have been litigated in a prior action, are foreclosed by the judgment therein." 586 S.W.2d at 826 (citing Jordan v. Johns, 168 Tenn. 525, 79 S.W.2d 798 (1935)). The doctrine of res judicata operates to bar all claims that were actually litigated or could have been litigated in the first suit between the same parties. Graybar Electric Co. v. New Amsterdam Casualty Co., 186 Tenn. 446, 211 S.W.2d 903 (1948). Because Plaintiff's three supplemental state law causes of action could have been litigated in the state court action had he initially included them in his complaint, they likewise fall within the scope of res judicata preclusion.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that:

9

1) the motion to dismiss (Docket Entry No. 9) of Defendants Vanderbilt University, the Department of Biomedical Informatics Vanderbilt University, Academics Program Committee of the Department of Biomedical Informatics, Randolph Miller, Nancy Lorenzi, Judy Ozbolt, Kevin Johnson, and Andrew Gregory be GRANTED;

2) all claims in this action BE DISMISSED on grounds of res judicata except for Plaintiff's claims of retaliation under The Americans With Disabilities Act, 42 U.S.C. §§ 12181 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and

3) the Defendants' alternative motion to stay (Docket Entry No. 9) be DENIED as moot.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

10