UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ALEXANDER C. KAZEROONI, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-0183 |
| | ) | JUDGE ECHOLS |
| THE VANDERBILT UNIVERSITY, | ) | |
| et al., | ) | |
| | ) | |
|     Defendants. | ) | |

### ORDER

Pending before the Court are two Reports and Recommendations (R & R's) by the Magistrate Judge. In the first R & R (Docket Entry No. 55), the Magistrate Judge recommends denying Plaintiff's Motion for Injunction (Docket Entry No. 2). In the second R & R (Docket Entry No. 56), the Magistrate Judge recommends granting Defendants' Motion to Dismiss or in the Alternative to Stay the Proceedings (Docket Entry No. 9) insofar as Defendants seek to dismiss all of the constitutional and state law claims in Plaintiff's Complaint and denying the alternative request for a stay as moot.

The R & Rs were issued on February 28, 2007, and Plaintiff has filed no objections thereto, even though he was informed in each R & R that any objections needed to be filed within ten (10) days (Docket Entry Nos. 55 at 10 & 56 at 10). Where, as here, no objections are made to the R & R, "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b).

This is an action in which Plaintiff, pro se, filed a complaint against Vanderbilt University, two of its departments, five individuals who work for Vanderbilt University, and "John/Jane Doe"

1

Defendants, alleging numerous state law claims, as well as claims under the United States Constitution and claims for retaliation under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. The essence of Plaintiff's Complaint is that the Defendants violated his rights as a student by failing to provide him proper academic support and guidance, failing to provide him with ergonomically appropriate equipment and workspaces, and improperly directing that he take a leave of absence and placing him on departmental academic probation.

In the first R & R, the Magistrate Judge recommends dismissal of Plaintiff's request for five injunctions, both preliminary and permanent. Those requests relate to the time limits for taking qualifying examinations, requiring students in the doctoral program to have a Master's Degree, requiring a "B" or better grade to obtain a passing score, pursuing payment for medical bills relating to Plaintiff's diagnosis and treatment, and requiring Plaintiff to pay tuition and library fine payments prior to registering for more classes. In a well-reasoned decision, the Magistrate Judge recommends denial of a permanent injunction because that is equitable relief ordinarily issued after a trial on the merits. As for Plaintiff's requests for preliminary injunctions, the Magistrate Judge observed Plaintiff had not shown a likelihood of success on the merits in relation to any of his claims or any irreparable harm. The Court agrees with the analysis of the Magistrate Judge and the R & R relating to Plaintiff's requests for injunctive relief will be accepted.

In the second R & R (Docket Entry No. 56), the Magistrate Judge recommends dismissal of the constitutional and state law claims because such claims were dismissed in a substantially identical lawsuit which Plaintiff filed in state court. Again, the Court agrees with the analysis of

the Magistrate Judge in the R & R in relation to Defendants' Motion to Dismiss and will adopt the same.

Accordingly, the Court rules as follows:

(1) The Report and Recommendation of the Magistrate Judge (Docket Entry No. 55) is hereby APPROVED and ADOPTED and Plaintiff's Motion for Injunction (Docket Entry No. 2) is hereby DENIED;

(2) The Report and Recommendation of the Magistrate Judge (Docket Entry No. 56) is hereby APPROVED and ADOPTED. Defendants' Motion to Dismiss or in the Alternative to Stay the Proceedings (Docket Entry No. 9) is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED with respect to all of Plaintiff's claims except for his claims under the Americans With Disabilities Act and the Rehabilitation Act of 1973. Defendants' alternative request for a stay is DENIED AS MOOT; and

(3) All of Plaintiff's claims in this action are hereby DISMISSED, except for his claims of retaliation under the Americans With Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

This case is hereby returned to the Magistrate Judge to immediately schedule a case management conference for the purpose of resetting a final pretrial conference date and a jury trial date to commence no later than December 31, 2007. The Magistrate Judge is directed to coordinate the setting of a trial date with Judge Echols' Courtroom Deputy.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

3

Case 3:06-cv-00183  Document 65  Filed 03/28/07  Page 3 of 3 PageID #: 1542