IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ALEXANDER C. KAZEROONI | ) | |
| | ) | |
| v. | ) | NO. 3:06-0183 |
| | ) | |
| THE VANDERBILT UNIVERSITY, et al. | ) | |

TO:     Honorable Robert L. Echols, District Judge

## REPORT AND RECOMMENDATION

By Order entered March 10, 2006 (Docket Entry No. 3), the Court referred the above captioned action to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure, for consideration of all pretrial matters.[1]

Presently pending before the Court is the motion for summary judgment[2] (Docket Entry No. 52) on the claim of disability discrimination filed by Defendants Vanderbilt University, the Department of Biomedical Informatics Vanderbilt University, Academics Program Committee of the Department of Biomedical Informatics, Randolph Miller, Nancy Lorenzi, Judy Ozbolt, Kevin Johnson, and Andrew Gregory ("the Vanderbilt Defendants").

---

[1] By Order entered July 17, 2006 (Docket Entry No. 28), Magistrate Judge Brown recused himself and the case was transferred to the undersigned.

[2] By Order entered February 16, 2007 (Docket Entry No. 51), the Court granted the Defendants' motion (Docket Entry No. 46) to treat the Defendants' responses (Docket Entry Nos. 16 and 43) to Plaintiff's request for injunctive relief, their supporting affidavits (Docket Entry Nos. 19, 22, and 24), and their other filings (Docket Entry Nos. 47-49), as a motion for summary judgment. See Docket Entry No. 52.

By order entered February 16, 2007 (Docket Entry No. 51), Plaintiff was given 20 days to file a response. However, at the case management conference held on May 2, 2007, Plaintiff indicated that he was not aware that a deadline had been imposed for him to file a response. Therefore, the Court gave Plaintiff until May 14, 2007, to file a response.[3] Apparently in lieu of a response, Plaintiff filed a motion (Docket Entry No. 67)[4] to deny summary judgment and to alter/amend order of res judicata on May 14, 2007, and a memorandum in support (Docket Entry No. 68) on May 16, 2007, to which Defendants filed responses (Docket Entry Nos. 69-70).

For the reasons set out below, the Court recommends that Defendants' motion for summary judgment be granted, Plaintiff's motion to deny summary judgment be denied, Plaintiff's motion to alter/amend be denied, and this action be dismissed.

## I. BACKGROUND

On March 3, 2006, Plaintiff filed this action pro se against Vanderbilt University ("Vanderbilt"), the Department of Biomedical Informatics at Vanderbilt ("DBMI"), the Academics Program Committee of the DBMI ("the Program Committee"), and five individuals who work for Vanderbilt University, specifically, Randolph Miller, Nancy Lorenzi, Judy Ozbolt, Kevin Johnson, and Andrew Gregory.[5]

By Order entered March 28, 2007 (Docket Entry No. 65), the Court dismissed all claims except for Plaintiff's claims of retaliation under Title III of the Americans With Disabilities Act

---

[3] The Court also provided Plaintiff with a copy of the February 16, 2007, order.

[4] Plaintiff's motion also included a request that a trial date be set. That request was addressed by order entered May 18, 2007 (Docket Entry No. 71).

[5] Plaintiff also named an unspecified number of "John/Jane Doe" defendants.

2

("ADA"), 42 U.S.C. §§ 12181 et seq., and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794. See Docket Entry No. 65 at 3.

Plaintiff's lawsuit is based upon his dissatisfaction with his experiences as a graduate student at Vanderbilt, where he was accepted into the DBMI on May 25, 2001, as a candidate for a Doctor of Philosophy degree. See Complaint (Docket Entry No. 1) at ¶¶ 1 and 4. The bulk of Plaintiff's complaint relates to the claims which have been dismissed.[6] With respect to the two remaining claims, Plaintiff contends that Defendants failed to provide him with ergonomically appropriate study and work spaces and failed to accommodate his medically documented disability.

Plaintiff alleges that he was initially denied access to the Student Heath Care Services at Vanderbilt in August of 2002 because he did not carry student insurance. See Complaint ¶ 9. He alleges that he was later diagnosed with cervical radiculopathy and carpal tunnel syndrome. See Complaint at ¶¶ 16-17. He asserts that these injuries were caused by the "hazardous ergonomic configuration" of his work site, id. at ¶ 20, and that he has had to have numerous follow-up evaluations. Id. at ¶¶ 41, 74, 75, 85-87, 94, and 96-97.

Plaintiff alleges that, after he brought his condition and the ergonomic hazards in his work station to the attention of Vanderbilt, Vanderbilt failed to timely and adequately remedy the problems. See Complaint at ¶¶ 121, 124, and 142. He claims that Vanderbilt's delay in providing ergonomically proper equipment exacerbated his condition to the point that at least one physician, Andrew Gregory, M.D., discussed the possibility of surgery with Plaintiff. See Complaint at ¶¶ 21 and 32. Ultimately, Plaintiff's work station was twice evaluated by an ergonomist from the

---

[6] A more extensive summary of Plaintiff's factual allegations is included in the Report and Recommendation entered February 28, 2007 (Docket Entry No. 56).

3

Occupational Health Clinic and Vanderbilt purchased the recommended ergonomic equipment for Plaintiff's work station on both occasions. See Complaint at ¶¶ 18, 20, 23, 35, 82, and 92.

## II. MOTION FOR SUMMARY JUDGMENT

Defendants contend that Plaintiff cannot establish that he was "disabled" for the purposes of the ADA and Rehabilitation Act because the undisputed facts show that he did not suffer a substantial limitation of a major life activity. Defendants assert that the mere fact that Plaintiff suffered from a condition that caused pain and required medical treatment are insufficient to satisfy the standards of the two disability acts. Defendants further contend that, even if Plaintiff could prove that he met the definition of disabled under the ADA and Rehabilitation Act, the undisputed facts show that Vanderbilt provided reasonable accommodations to Plaintiff. Finally, Defendants assert that there is no evidence of any action on the part of any Defendant which could plausibly be viewed as an act of retaliation against Plaintiff under the standards of the ADA or the Rehabilitation Act. See Docket Entry No. 16 at 15-21 and Docket Entry No. 43 at 3-7.

## III. PLAINTIFF'S RESPONSE

Plaintiff's response is styled as a "Motion to deny summary judgement and motion to alter/amend order of res judicata and motion for trial." See Docket Entry No. 67. Although the response is 20 pages long, Plaintiff's arguments almost entirely focus on the merits of claims that have been dismissed, on reasons why he believes the Court's dismissal of those claims was inappropriate, on what he perceives as unfairness in the proceedings, or on policy reasons why summary judgment should not be granted.

4

The one paragraph of the response which is specifically and solely directed at the merits of the two remaining claims states as follows:

> Genuine material facts and triable issues of fact meet the necessary and sufficient criteria for violations of ADA 1990 and RA 1973 as previously submitted, including, but not limited to the definition of disability, and disability which are supported by the medical record clearly evident through the previously submitted quantitative analysis of the Medical Record for entries that meet the definitions required by the ADA 1990, RA 1973, EEOC Compliance Regulations-Revised as applied to Mr. Kazarooni's, the Plaintiff's Medical Record.

See Docket Entry No. 67 at 4, ¶ 1.3.

Plaintiff also states in his response that he has not been permitted to engage in discovery in this action because of the "Stay of Proceedings granted by the Federal Court." See Docket Entry No. 67 at 4-5, ¶ 3.0. Plaintiff's assertion that a stay prevented him from engaging in discovery is erroneous and misleading. While the initial scheduling order entered April 21, 2006 (Docket Entry No. 15), stayed discovery concerning matters that were the subject of the state court proceedings, the Court specifically permitted discovery on Plaintiff's federal disability claims to proceed. See Docket Entry No. 15 at 2.

Subsequent to the filing of his response, Plaintiff filed a memorandum of law (Docket Entry No. 68) supplementing his response. In the memorandum, Plaintiff appears to argue that the Federal Administrative Procedures Act, 5 U.S.C. § 706, requires that the Court's prior order dismissing claims be reversed and that any claim filed by Plaintiff in his state court action be removed to federal court.

In addition to these two filings, Plaintiff has made prior filings which are directed at the merits of his disability claim. On October 23, 2006, he filed exhibits (Docket Entry No. 37), and on October 24, 2006, he filed two memoranda of law (Docket Entry Nos. 40 and 42), in support of his ADA and Rehabilitation Act claims. The crux of these filings is his argument that his medical

5

records show that he suffered from a disability because he was substantially limited in the major life activities of study, work, sitting, and standing during the period of 2002-2005. See Docket Entry No. 37 at 1-22.

## IV. SUMMARY JUDGMENT STANDARD

In considering a motion for summary judgment, Rule 56(c) of the Federal Rule of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.2d 60, 63 (6th Cir. 1979).

The Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Cloverdale Equipment Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id. at 248. The disputed issue does

6

not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-89 (1968).

## V. ANALYSIS

Title III of the ADA states:

> [n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). Similarly, Section 504 of the Rehabilitation

Act states:

> [n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

29 U.S.C. § 794(a).[7]

Plaintiff's claims under the ADA and the Rehabilitation Act may be analyzed together inasmuch as both acts are interpreted consistently with one another. See, e.g., 42 U.S.C. § 12201(a) (ADA is not to "be construed to apply a lesser standard than the standards applied under . . . the Rehabilitation Act of 1973 . . . ."); McPherson v. Michigan High Sch. Athletic Ass'n, 119 F.3d 453, 459-60 (6th Cir. 1997); Andrews v. State of Ohio, 104 F.3d 803, 807 (6th Cir. 1997). See also Bay

---

[7] Defendants do not argue that they are not covered entities under the two acts.

7

Area Addiction Research and Treatment, Inc. v. City of Antioch, 179 F.3d 725, 731 (9th Cir. 1999); Innovative Health Sys., Inc. v. City of White Plains, 117 F.3d 37, 44-46 (2nd Cir. 1997).

A. Proof of a Disability

The threshold inquiry for a disability claim is whether the person seeking relief qualifies as "disabled." Burns v. Coca-Cola Enter. Inc., 222 F.3d 247, 253 (6th Cir. 2000). A person is considered disabled if the individual: (A) has a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) has a record of such an impairment; or (C) is regarded as having such an impairment. 42 U.S.C. § 12102(2). However, "merely having an 'impairment' does not make one disabled for purposes of the ADA." Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 195, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002).

Thus, the fact that Plaintiff suffered from medical conditions which were painful, limiting, and subject to a course of treatment does not itself render him disabled under the ADA or Rehabilitation Act. Plaintiff must show that his medical conditions "substantially limited" him in a major life activity, that he had a record of having a substantially limiting condition, or that he was regarded as having such a condition.

Major life activities are "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 29 C.F.R. § 1630.2(I). This list is merely illustrative, however, and is not exhaustive. Cehrs v. Northeast Ohio Alzheimer's Research Ctr., 155 F.3d 775, 780-81 (6th Cir. 1998). It nonetheless indicates that the activities which a plaintiff asserts that he has been substantially limited in performing because of his medical impairment must be basic activities that are of central importance to daily life. See Toyota Motor, 534 U.S. at 197.

One is "substantially limited" if he is "(1) unable to perform a major life activity that the average person in the general population can perform; or (2) significantly restricted as to the condition, manner or duration under which [he] can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j)(1). The Supreme Court has noted that the "substantially limiting" language suggests that the limitations caused by the impairment in question must be "considerable," "specified to a large degree," and "in a substantial manner." Sutton v. United Air Lines, Inc., 527 U.S. 471, 491, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). Thus the ADA addresses impairments that limit an individual, not in a trivial or even moderate manner, but in a major way, to a considerable amount, or to a large degree. See Toyota Motor, 534 U.S. at 196-97; Gonzales v. National Bd. Of Medical Examiners, 225 F.3d 620, 627 n.12 (6th Cir. 2000).

In the instant action, it is undisputed that Plaintiff suffered from medical conditions that affected his hands, wrists, arms, and shoulders during the time period of 2002-2005 and that he was diagnosed with cervical radiculopathy and carpal tunnel syndrome. See Attachments to Docket Entry No. 37. It is further undisputed that Plaintiff saw medical care providers and physicians on numerous occasions during this time period because of his conditions and was provided with various forms of treatment. Id. Defendants do not dispute that Plaintiff suffered from a medical impairment for the purposes of the ADA and Rehabilitation Act.

The issue thus becomes whether there is evidence before the Court upon which a reasonable jury could find that Plaintiff's medical impairments rose to the level of a disability under the ADA or the Rehabilitation Act. After a review of the evidence that has been presented by the parties, the

9

Court finds that no reasonable jury could find in favor of Plaintiff on his disability claims because the evidence fails to support a showing that Plaintiff was disabled.

Plaintiff contends that he was substantially limited in the major life activities of working, studying, sitting, and standing, see Docket Entry No. 37 at 1, had a record of such a limiting impairment, and was regarded as having a substantially limiting impairment. Id. at 2-3.

With respect to the major life activity of working, Plaintiff has not provided any evidence showing that he was substantially limited in his ability to work. His evidence must show that he is substantially limited in his ability to perform a class of jobs or a broad range of jobs in various classes. Moorer v. Baptist Mem'l Health Care Sys., 398 F.3d 469, 479 (6th Cir. 2005). "To be substantially limited in the major life activity of working, then, one must be precluded from more than one type of job, a specialized job, or a particular job of choice." Sutton, 527 U.S. at 491.

The medical records provided by Plaintiff on the issue of his asserted limitations on the life activity of working merely evidence impairments and the limitations the impairments created in the activities of using a computer keyboard, sitting in a computer chair, and sitting at a desk. See Docket Entry No. 37 at 9-11. Such evidence is simply inadequate to prove the impairments caused a substantial limitation on Plaintiff's ability to work. The noted limitations relate to only a narrow range of tasks and tasks which are of Plaintiff's own particular choosing. The Sixth Circuit has repeatedly held that the major life activity of working is not substantially limited simply because an individual's impairment prevents him from performing a single, particular job. See Agnew v. Heat Treating Serv. of America, 2005 WL 3550532 (6th Cir. 2005) (collecting cases).

Furthermore, the evidence provided by Plaintiff consists only of medical records or other documents, e-mails, or letters associated with the medical records. Plaintiff has not provided any type of evidence which sets out a vocational analysis or opinion comparing his access to jobs to the

10

access available to a non-injured individual with similar training and experience, looking specifically to the labor market in the claimant's geographic vicinity. 29 C.F.R. § 1630.2(j)(3)(ii); Mahon v. Crowell, 295 F.3d 585 (6th Cir. 2002). Proof that one is limited in the ability to perform either a class or broad range of jobs ordinarily entails evidence concerning the accessible geographic area, the numbers and types of jobs in the area foreclosed due to the impairment, and the types of training, skills, and abilities required by the jobs. See 29 C.F.R. § 1630.2(j)(3)(ii)(A)-(C). See also Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 795 (9th Cir. 2001) (a plaintiff must present specific evidence about relevant labor markets to defeat summary judgment on a claim of substantial limitation of working); Duncan v. Washington Metro. Area Transit Auth., 240 F.3d 1110, 1115-16 (D.C. Cir.) (en banc) ("[T]he ADA requires a plaintiff . . . to produce some evidence of the number and types of jobs in the local employment market in order to show he is disqualified from a substantial class or broad range of such jobs . . . ."), cert. denied, 534 U.S. 818, 122 S.Ct. 49, 151 L.Ed.2d 20 (2001); Aucutt v. Six Flags Over Mid-America, Inc., 85 F.3d 1311, 1319 (8th Cir. 1996); Barnes v. Northwest Iowa Health Center, 238 F. Supp. 2d 1053, 1079 (N.D. Iowa 2002). As the Supreme Court noted in Toyota Motors, it is insufficient for individuals attempting to prove a disability to merely provide evidence of a medically diagnosed impairment. Toyota Motors, 534 U.S. at 198.

Plaintiff's contention that he was substantially limited in the activity of "studying" is meritless. Initially, the Court notes that Plaintiff has not set forth any case law, nor is the Court aware of any case law, supporting a position that "studying" is a major life activity.

To the extent that Plaintiff's argument can be construed as referring to the major life activity of learning, the scope of learning apparently referred to by Plaintiff is the pursuit of a doctorate degree in the field of Biomedical Informatics and the limitations his claim is based upon are

limitations in his use of a particular computer keyboard, computer desk, and chair. Plaintiff's medical impairments apparently arose or were exacerbated when he spent long periods of time in his work cubicle. See Docket Entry No. 37 at 12-13, ¶ 3f.xi.

Plaintiff's argument and evidence fall woefully short of supporting such a claim. Just as an inability to perform a particular job is insufficient to establish a disability in regard to working, the inability to perform a particular activity for a particular educational course does not establish a disability in regard to learning. Knapp v. Northwestern University, 101 F.3d 473, 481 (7th Cir. 1996), cert. denied, 520 U.S. 1274, 117 S.Ct. 2454, 138 L.Ed.2d 212 (1997); Leisen v. City of Shelbyville, 968 F. Supp. 409, 417 (S.D. Ind. 1997). Plaintiff has not presented any evidence that he is substantially limited in the major life activity of learning.

The same holds true for the major life activities of sitting and standing. The Court has reviewed the evidence presented by Plaintiff and concludes that no reasonable jury could find that he was substantially limited in the major life activities of sitting or standing. While the medical evidence certainly evidences impairments that caused short-term or situationally triggered limitations on his ability to sit or stand, there is absolutely no evidence before the Court that these limitations substantially restricted Plaintiff in his ability to sit or stand as compared to an average person in the general population. See Gallimore v. Newman Machine Co., Inc. 301 F. Supp. 2d 431, 446 (M.D.N.C. 2004). The fact that Plaintiff may have experienced moderate difficulty or pain while sitting or standing does not render him disabled in these major life activities. See, e.g., Black v. Roadway Express, Inc., 297 F.3d 445, 451 (6th Cir. 2002) (moderate difficulty and pain in walking does not rise to the level of a substantial limitation on the major life activity of walking). The Court further notes that, despite Plaintiff's claims that he was substantially limited in the major life activity of standing, the undisputed evidence shows that Plaintiff continued to engage in distance

running during the time period in question. See Plaintiff's Deposition, Docket Entry No. 36 at 90-91.

Finally, the Court notes that the requirements of the ADA are so demanding that even if some important tasks are occasionally disrupted by a medical impairment, such as Plaintiff's claims that he sometimes had difficulty opening a car door with a key, putting on his shirt, or holding a glass, id. at 90, these short term and minor disruptions do not require a finding of a disability. See Toyota Motor, 534 U.S. at 202 (holding that plaintiff's needing occasional help dressing and driving does not "amount to such severe restrictions in the activities that are of central importance to most people's daily lives that they establish a manual task disability as a matter of law"); Mahon, 295 F.3d at 591 (record of distress and limitations in performing some daily activities is insufficient to support a finding of a disability).

Plaintiff also attempts to show that he qualified as disabled under the two acts because he had a record of having a disability and was regarded by Defendants as having a disability.

To have a qualifying record of impairment, "a plaintiff must have a history of, or been misclassified as having, an impairment that substantially limited a major life activity." Sorensen v. University of Utah Hosp., 194 F.3d 1084, 1087 (10th Cir. 1999). "[T]he record-of-impairment standard is satisfied only if [plaintiff] actually suffered [an impairment] that substantially limited one or more of [his] major life activities." Id. (quoting Hilburn v. Murata Elec. N. Am., Inc., 181 F.3d 1220, 1229 (11th Cir. 1999)). The Equal Employment Opportunity Commission has explained "[t]he intent of this provision, in part, is to ensure that people are not discriminated against because of a history of disability." 29 C.F.R. pt. 1630, App. § 1630.2(k).

With respect to the "regarded as" definition, the Supreme Court has laid out two ways in which an individual can be "regarded as" having a disability. Sutton v. United Air Lines, Inc., 527

13

U.S. 471, 489, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). First, an employer can be under the mistaken belief that the employee is disabled, when in fact he is not. Id. Second, the employee can actually have a physical impairment, and the employer can know it, but the employer mistakenly believes that the employee is disabled because of the impairment when in fact he is not. Id. See also E.E.O.C. v. Watkins Motor Lines, Inc., 463 F.3d 436, 443 (6th Cir. 2006).

While the evidence shows that Plaintiff did have a record of medical impairments, that Defendants knew about these impairments, and that Defendants took steps in an attempt to alleviate problems Plaintiff was having with his computer and work area because of these impairments, Plaintiff's evidence fails to satisfy the tests required for these definitions of disabled. Indeed, Plaintiff has offered no analysis or argument on this issue other than his conclusory statement that he meets these definitions. The Court notes that, with respect to the "record of" impairment test, the only records relied on by Plaintiff are the same records which the Court has reviewed and found to be lacking in proving a disability.

B. Reasonable Accommodations

The Court notes that, even if Plaintiff were found to be disabled, Vanderbilt provided Plaintiff with reasonable accommodations for his medical impairments.

It is undisputed that an occupational therapist with the Ergonomic Program in Vanderbilt's Occupational Health Clinic prepared an ergonomic evaluation of Plaintiff's work center in November 2002, which led to the purchase of a different chair, a new keyboard/mouse platform, and a reconfiguration of Plaintiff's work desk. See Affidavit of Melanie Swift (Docket Entry No. 24) at ¶¶ 4-5; Plaintiff's Deposition, Vol. I (Docket Entry No. 43) at 135. A second evaluation was performed in November 2004, which resulted in a meeting with Plaintiff and recommendations for

14

additional equipment and changes. See Swift Affidavit at ¶ 7; Plaintiff's Deposition, Vol. II (Docket Entry No. 43) at 99-100. A third evaluation occurred with a member of Vanderbilt's Opportunity Development Center which resulted in the purchase of a stand-up desk for use by Plaintiff. See Plaintiff's Deposition, Vol. I (Docket Entry No. 43) at 139-40.

Although Plaintiff takes issue with the promptness of Vanderbilt's response and with bureaucratic difficulties he may have encountered, no reasonable jury could find that Plaintiff was ignored or that Defendants acted unreasonably in attempting to accommodate the limitations caused by Plaintiff's medical impairments. Immediate accommodation is not required under the ADA or the Rehabilitation Act. See Kaltenberger v. Ohio College of Podiatric Medicine, 162 F.3d 432, 437 (6th Cir. 1998). See also Selenke v. Medical Imaging of Colorado, 248 F.3d 1249, 1262 (10th Cir. 2001).

C. Retaliation

Plaintiff sets forth his retaliation claim in his complaint as follows:

defendants['] action rise to the level o[f] retaliation due to the plaintiff's request for assistance obligated by the defendants, the Vanderbilt University according to Rehabilitation Act of 1973 and ADA Title III.

See Complaint at ¶ 147.

A plaintiff seeking to prove a case of retaliation under the disability acts must show (1) that he engaged in protected activity, (2) the defendant took an adverse action against him, and (3) there was a causal connection between the protected activity and the adverse action. See Penny v. United Parcel Serv., 128 F.3d 408, 417 (6th Cir. 1997); 42 U.S.C. § 12203(a).

After review of the evidence before the Court, the Court finds that there is absolutely no evidence upon which a reasonable jury could find that Plaintiff was retaliated against by Defendants

15

for any reason related to a disability or Plaintiff's request for assistance. There is simply no evidence linking Plaintiff's requests for accommodations and any type of action which could be viewed as adverse. Indeed, Vanderbilt actually responded to his requests for accommodation by providing reasonable accommodations. Plaintiff's assertion of retaliation is completely speculative and conclusory.

D. Plaintiff's Motion to Alter/Amend

In addition to his response to the motion for summary judgment, Plaintiff argues that the Court should alter or vacate the Order entered March 28, 2007 (Docket Entry No. 65), and reinstate the claims which have been dismissed in this action. He continues this argument in his supplemental memorandum.

None of the arguments made by Plaintiff have any legal merit. Indeed, it is difficult to follow many of the arguments made by Plaintiff. Plaintiff has not presented any legitimate, legal reason for reinstating the dismissed claims, and his motion should be denied.

# RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that:

1) the motion for summary judgment (Docket Entry No. 52) of Defendants Vanderbilt University, the Department of Biomedical Informatics Vanderbilt University, Academics Program Committee of the Department of Biomedical Informatics, Randolph Miller, Nancy Lorenzi, Judy Ozbolt, Kevin Johnson, and Andrew Gregory be GRANTED and this action be DISMISSED WITH PREJUDICE; and

2) Plaintiff's motion to deny summary judgment and to alter/amend (Docket Entry No. 67) be DENIED.[8]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[8] The portion of Plaintiff's motion for a trial was effectively granted by order entered May 18, 2007 (Docket Entry No. 71).

17