UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ALEXANDER C. KAZEROONI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-0183 |
| | ) | JUDGE ECHOLS |
| THE VANDERBILT UNIVERSITY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is a Report & Recommendation ("R & R") (Docket Entry No. 72) in which the Magistrate Judge recommends that the Court (1) grant Defendants' Motion for Summary Judgment (Docket Entry No. 52); (2) deny Plaintiff's Motion to Deny Summary Judgment and to Alter/Amend (Docket Entry No. 67); and (3) dismiss this action with prejudice. Plaintiff, proceeding pro se, has filed a single-spaced, nineteen page "Objection and Response to Magistrate's Report & Recommendation" which is laden with conclusory allegations and unadorned assertions of fact. (Docket Entry No. 86).

Upon review of an R & R, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.J. 9(b)(3). See, Fed.R.Civ.P. 72(b). Having conducted this *de novo* review, the Court finds the Magistrate Judge correctly applied the law to the facts presented in this case.

1

This is an action in which Plaintiff filed a complaint against Vanderbilt University, two of its departments, five individuals who work for Vanderbilt University, and "John/Jane Doe" Defendants, alleging numerous state law claims, as well as claims under the United States Constitution and claims for retaliation under the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. The essence of Plaintiff's Complaint is that the Defendants violated his rights as a student by failing to provide him proper academic support and guidance, failing to provide him with ergonomically appropriate equipment and workspaces, and improperly directing that he take a leave of absence and placing him on departmental academic probation.

On March 28, 2007, this Court entered an Order (Docket Entry No. 65) which adopted the Magistrate Judge's R & R and dismissed all of Plaintiff's claims, except his claims under the Americans With Disabilities Act and the Rehabilitation Act. The present R & R recommends dismissal of those remaining claims.

Plaintiff's objections are difficult to discern. As he did in his "Motion to Deny Summary Judgment," Plaintiff spends much of his time arguing about the purported merits of claims that have been dismissed. Those matters are no longer before the Court. At other points, Plaintiff requests "leave of court" to "submit" references and for extensions of time to submit "references." However, as was pointed out in this Court's Order of July 13, 2007, granting Plaintiff an extension of time to file his Objections, fact discovery in this case closed on September 18, 2006, discovery of experts was to be completed by October 6, 2006, and therefore Plaintiff is required to base his objections on the record as it presently exits. (Docket Entry No. 81).

Turning to the merits, Plaintiff claims that he has established retaliation "by the Defendants' continuous implementation of unpublished, nonexistent, 'ad hoc disciplinary measures" and the like.

2

(Docket Entry No. 86). However, even if the Court were to assume that Plaintiff was subjected to "ad hoc" discipline by Defendants, as the Magistrate Judge correctly noted, in order to show retaliation, Plaintiff also must show that he engaged in protected activity and that there was a causal connection between that activity and the adverse action. See, Penny v. United Parcel Serv., 128 F.3d 408, 417 (6th Cir. 1996). The record is bereft of admissible evidence on these elements. While Plaintiff claims that he had a live-in girlfriend and that "participation by her [sic] family is a protected activity under EEOC," (Docket Entry No. 86 at 1) that simply is not the law. To the contrary, protected activity consists of such things as filing a charge, or testifying, participating, or assisting in any investigation or proceeding relating to discrimination. See, McElroy v. Phillips Medical Sys. of North America, Inc., 127 Fed. Appx. 161, 171 (6th Cir. 2005).

Plaintiff objects to the Magistrate Judge's conclusion that he could not show that he was "regarded as disabled" because the record contains various medical records from numerous doctors and therapists. Even so, "to succeed on a 'regarded as' claim, the perceived condition must be an 'impairment' under the ADA." EEOC v. Watkins Motor Lines, Inc., 463 F.3d 436, 440 n. 2 (6th Cir. 2006). The Magistrate Judge in this case quite properly observed that "[w]hile the evidence shows that Plaintiff did have a record of medical impairments, that Defendants knew about these impairments, and that Defendants took steps in an attempt to alleviate problems Plaintiff was having with his computer and work area due to these impairment, Plaintiff's evidence fails to satisfy the tests required" for establishing a disability under the ADA. (Docket Entry No. 72 at 14).

Plaintiff also objects to the Magistrate Judge's conclusion that he has not shown he is substantially limited in a major life activity. Plaintiff claims that he is substantially limited in sleeping, working, and learning.

3

Sleeping can be a "major life activity" for purposes of the ADA. See, Swanson v. University of Cincinnati, 268 F.3d 307, 315-17 (6th Cir. 2001). However, as the Sixth Circuit explained in Greenhouse v. Westfall, 212 Fed. Appx. 379, 382 (6th Cir. 2006), to survive summary judgment "an individual must make a significant showing of sleep impairment before he can show that a substantial limitation exists." Here, in his objection, Plaintiff conclusorily states that he had an "inability to sleep and resulted in extended period of several months of sleep deprivation Fall 2002-Spring 2003 and Summer 2004-Spring 2005." (Docket Entry No. 86 at 8). Like the plaintiff in Greenhouse, present Plaintiff "offers no evidence of the precise impact that his ailments have on his sleep patterns, and he nowhere explains how his illness significantly restricts the manner or duration of his sleep as compared to that of the average person." Greenhouse, 212 Fed. Appx. at 383.

Plaintiff further asserts that he is substantially limited in the major life activity of working because of his inability to use a computer keyboard or sit at a desk in a computer chair for any length of time. In this regard, he asserts the Magistrate Judge erred in stating that the evidence could only support the conclusion that Plaintiff would at most be limited to a narrow range of tasks or a single, particular job. Plaintiff has attached and references various labor reports which suggest that many jobs entail the use of a computer. However, even if jobs requiring extensive use of a computer constitute a class of jobs, see, 29 C.F.R. pt. 1630, to survive summary judgment, Plaintiff must show more than that a class of jobs exists and that he had an impairment.

The record reflects that Plaintiff suffered from carpal tunnel syndrome and was diagnosed with cervical radiculopathy. However, those ailments, depending upon the circumstances, may or may not be impairments which substantially limit a major life activity as required by the ADA and Rehabilitation Act. See, Cannon v. Levis Strauss & Co., 29 Fed. Appx. 331 (6th Cir. 2002) (while parties agreed that employee's carpal tunnel syndrome was an impairment, summary judgment was

4

appropriate because there was no evidence that employee was precluded from working in a broad class of jobs or that her employer perceived her as being unable to perform a broad class of jobs); Rivera v. Pfizer Pharmaceutical, LLC, 463 F.Supp.2d 163 (D.P.R. 2006)(summary judgment appropriate even though employee was diagnosed with chronic low back pain, lumbar disc disease and radiculopathy, fibriomiositis and carpal tunnel syndrome where record did not establish employee's limitations compared to the tolerance of the average population). Further, the fact that Defendants do not dispute that Plaintiff has an impairment is not sufficient to present a jury question because "[m]erely having an impairment does not make one disabled for purposes of the ADA." Toyota Motor Mfg. v. Williams, 534 U.S. 184, 194 (2002).

Both the statutory language and congressional intent require that disability definitions be "interpreted strictly to create a demanding standard for qualifying as disabled." Id. at 197. To survive summary judgment, a plaintiff must meet the "high standard" of showing that his "'impairment was substantial or considerable in light of what most people do.'" Sheerer v. Potter, 443 F.3d 916, 919 (7th Cir. 2006). "Specific facts are required; conclusory allegations will not do." Id. While Plaintiff presents conclusory allegations about his impairment, he has not established specific facts sufficient to raise a jury question that he was substantially impaired from performing the major life activity of working.

Plaintiff also asserts that with respect to the major life activity of studying, the Magistrate Judge erred in relying upon Knapp v. Northwestern Univ., 101 F.3d 472 (7th Cir. 1996) because his cumulative ailments are different than the plaintiff's impairment in Knapp. While that may be so, the principle to be derived from Knapp is that coverage under the ADA and Rehabilitation Act "is not open-ended" and therefore "[n]ot every impairment that affects an individual's major life activity is a substantially limiting impairment." Id. at 481. "The key obviously is the extent to which the

5

impairment restricts the major life activity." Id. As already indicated, Plaintiff presents only conclusory assertions to support his claims and this is not sufficient to survive summary judgment.

As noted at the outset, Plaintiff has filed a lengthy memorandum in support of his objections which contain many conclusory statements of fact. The Court has considered all of the arguments raised by Plaintiff and finds nothing which would lead the Court to conclude that the Magistrate Judge erred in reaching the conclusion that the record contains insufficient evidence to create a jury question on Plaintiff's claims under the ADA and Rehabilitation Act.

Accordingly, the Court hereby rules as follows:

(1) The Report and Recommendation of the Magistrate Judge (Docket Entry No. 72) is hereby APPROVED and ADOPTED;

(2) Plaintiff's Objections (Docket Entry No. 86) are hereby OVERRRULED;

(3) Defendants' Motion for Summary Judgment (Docket Entry No. 52) is hereby GRANTED;

(4) Plaintiff's Motion to Deny Summary Judgment and to Alter/Amend (Docket Entry No. 67) is hereby DENIED;

(5) This case is hereby DISMISSED WITH PREJUDICE; and

(6) Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE